WILLIAM D. TOLFORD, RECEIVER OF THE UNION MUTUAL FIRE INSURANCE COMPANY OF KENT, BARRY, AND IONIA COUNTIES, v. H. B. CHURCH.

*Constitutional law—Title of act—Repealing clause—Mutual insurance companies—Cancellation of policy—Assessment—Costs.*

1. A statute is not void for duplicity of title and objects where the title, after stating the object, does no more than add a notice of a repealing clause, which repeal would be effected by implication by the enactment of the law itself.

2. A policy-holder in a *mutual* fire insurance company, at the time of paying an assessment, surrendered his policy to the collecting agent under an unauthorized agreement by the agent that it should be canceled. The agent forwarded the policy to the secretary of the company, who indorsed thereon "Canceled March 19, 1884." At this time the company was liable for losses not included in said assessment, and for other liabilities, and made a second assessment to cover the same, in which the canceled policy was included, and the holder made a payment on account of such assessment, which, with the prior payment, *more* than paid *all* of his liabilities to the company up to the time of such cancellation. The canceled policy was never returned to the policy-holder by the officers of the company, or by the receiver appointed after such cancellation, nor was he informed that the policy was not considered as canceled, and he treated it as of no further value.

   *Held*, that the payments so made should discharge the policy-holder from any further liability, and that he could not be made liable on an assessment made by the receiver under a statute requiring it to be made on the "members and persons insured."

3. The receiver of a mutual fire insurance company brought suit in the circuit court on an assessment of $20, and recovered judgment for that sum, with costs.

   *Held*, that costs should have been given to the defendant, under How. Stat. § 8964, subd. 5.

Case made from Kent. (Montgomery, J.) Argued April 20, 1887. Decided June 23, 1887.

Assumpsit.  Defendant assigns error.  Reversed.  The facts are stated in the opinion.

*Maher & Felker,* for appellant.
*Harvey Joslin,* for plaintiff.

SHERWOOD, J.  The insurance company in this case was organized and commenced doing business in 1880, under Act 82 of the Session Laws of 1873 (How. Stat. *c.* 132), and amendments thereto.

On the fifth day of January, 1884, the company, by its officers, made an assessment against the policy-holders to meet its liabilities, then amounting to $18,024.87.  The defendant's assessment was $10.  This he paid March 14, 1884, to an agent of the company having authority to collect assessments, and to whom he surrendered his policy, and which was subsequently marked "Canceled March 19, 1884," by the company's secretary.  This cancellation was not signed by any one, but the policy was returned to the company by the agent, and the secretary made the entry of cancellation.

The assessment proved to be insufficient to pay the company's losses and expenses; the available funds realized being but $13,174.70, uncollectible amounts and expenses excluded.  The remaining indebtedness then amounted to $4,850.17.

For the purpose of providing the means to liquidate this amount, and some other deficiencies of prior assessments, in all amounting to $5,000, and sundry other expenses, the receiver of the company (who in the meantime had been appointed on the application of the Commissioner of Insurance), under the direction of the court, made another assessment against the policy-holders in the company.  This assessment was approved by the court on the twenty-eighth day of May, 1886.  The charge against the defendant upon

this assessment amounted to $20, and it was for the purpose of recovering this amount that this suit was brought.

The cause was tried before Judge Montgomery, without a jury, in the Kent circuit, who, upon the request of the parties, found the facts, which are substantially as follows:

After giving the date of the organization of the insurance company, and the statutes under which the organization was made, and the appointment of a receiver as before stated, the court finds that the insurance company was insolvent at the time of the appointment of the receiver, and is still insolvent; that it became so by reason of the members of the company, other than the defendant, failing to pay their respective portions of the assessments made by the company to meet its liabilities for losses and expenses, and from the uncollectibility of assessments; that if all members had paid their assessments made to meet such losses and expenses, including their assessments for 1885, the company would have been able to pay its liabilities in full.

That the plaintiff qualified as receiver; that the court directed an assessment to be made by the receiver upon all the members and those holding policies in the insurance company, and all who were liable to be assessed for the payment of losses remaining unpaid, and the services and expenses of the receiver, and in pursuance of the order the receiver proceeded to make an assessment, which was perfected and approved by the court on the twenty-eighth day of May, 1886.

That the defendant held a policy issued by the company for $1,600, and that said assessment amounted to $20 thereon; that the assessment was a uniform one, of $1\frac{1}{4}$ per cent., upon every policy upon which it was made, without reference to classification of risks; that defendant's policy was in class A, and was assessed at same rate and proportion as upon policies which were in force at the time in classes B, C, D, and E.

That the proceedings for the appointment of a receiver, and making and approving the assessment, were without notice to the defendant, but a notice was served upon the officers of the company by the Commissioner of Insurance, requiring them, on the expiration of 60 days, to cease issuing policies, and wind up the business of the company, unless it should pay its debts and losses; that this notice was served by the Commissioner of Insurance on the tenth day of October, 1885, and on the fourteenth day of December thereafter the Commissioner filed his petition for the appointment of a receiver; that the petition was duly published, with a notice that it would be presented to the circuit court on the twenty-first day of January, 1886.

That, after said assessment was made and approved by the court, a notice that such assessment had been made was duly published in a newspaper in the county, for the time required in the order of the court, and that this suit was not brought until more than 30 days had elapsed thereafter.

It is further found that, in all of the above mentioned proceedings, the company was represented by its attorney; that said proceedings were put in evidence on the trial, and no objection to their admission was made by the defendant.

That on the fifth day of January, 1884, the board of directors of the company passed a resolution that an assessment be made to meet the losses and expenses of said company, to take effect February 1 following, upon all policies issued and in force prior to January 1, 1884, and that said assessment be made as follows: "Class A, $62\frac{1}{2}$ cents; class B, $1.25; class C, $2.50; class D, $3.75; and class E, $5,—on each $100.".

That the following annual statement was filed with the clerk of Kent county, and distributed among the members of the company:

"ANNUAL STATEMENT OF THE UNION MUTUAL FIRE INSURANCE COMPANY OF KENT, BARRY, AND IONIA COUNTIES, FOR THE YEAR ENDING DECEMBER 31, 1883.

| | |
|---|---|
| No. of members December 31, 1883, | 1,353 |
| No. of members added during year, | 518 |
| Total, | 1,871 |
| Deduct number withdrawn and policies cancelled, by reason of sale or otherwise, | 139 |
| Number of members December 31, 1883, | 1,732 |
| Amount of property at risk December 31, 1883, | $982,321 |
| Added during the year 1883, | 399,948 |
| Total, | $1,382,269 |
| Deduct canceled risks, | 129,396 |
| Amount at risk December 31, 1883, | $1,252,873 |

Divided as follows:

| | |
|---|---|
| Class A, | $478,038 |
| Class B, | 354,151 |
| Class C, | 152,397 |
| Class D, | 106,115 |
| Class E, | 162,172 |

RESOURCES.

| | |
|---|---|
| Cash on hand, | $233 10 |
| In hands of agents and notes and accounts, | 110.79 |
| Due on assessments, | 1,233.34 |
| Total, | $1,587.23" |

That on the fourteenth day of March, 1884, the defendant paid his assessment of January 5 of that year, amounting to $10, and delivered his policy to the agent who received the money, for the purpose of having it canceled by the secretary of the company, and informed the agent of his desire to pay and settle up and withdraw from the company, and was informed by the agent that he could do so by making such payment, and surrendering his policy, and that he made such payment in the belief that it and the surrender of the policy

terminated his liability upon the same; that he made no investigation at the time of the financial condition of the company.

That said agent was only authorized to collect assessments, and had no authority to cancel policies upon any other terms than as provided in the company's charter.

That afterwards, and on March 19, 1884, the secretary, on receipt of the policy from the agent, indorsed on the same, and on the application therefor, the words, " Canceled March 19, 1884," and made a like entry in the assessment book of the company opposite the entries relating to the defendant's policy; that these were the usual entries made by the company to indicate the cancellation of its policies under the statute and by-laws; that the defendant had paid all previous assessments made upon his policy.

That the losses which the company had sustained, and which were assessed for in the assessment of January 5, 1884, amounted to $18,024.87; that there was also a loss which was paid by the company subsequent to this assessment, and before the defendant's policy was marked canceled, on the policy of one I. L. Lee, amounting to $75; that the company had also sustained another loss on January 16, 1884,— that of Joseph M. Wood,—amounting to $1,094; and, if this is to be added, the total liabilities of the company would be $19,193.87; that if to this be added the expense of the company down to the date of the cancellation of the defendant's policy, amounting to $609.31, and interest to same time, $168.70, the total liabilities would be $20,041.88.

" That the premiums received during this time amounted to but $26.37. There was cash on hand, January 1, 1884, and in the hands of agents, and notes and accounts, $110.79. If the premiums and cash and amount in the hands of agents and notes and accounts be deducted, the liabilities of the company would be $19,670.72; whereas the assessment made January 5. 1884, on the basis of which it is claimed the defendant's payment of assessment against him was his full

proportion of the liabilities of the company, would have produced but $18,888.21, as follows:

There was assessed in class A, on

| | | |
|---|---|---|
| assessable policies, amounting to | $490,094, | $3,065.08 |
| In class B, on policies amounting to | 216,090, | 2,701.19 |
| In class C, on policies amounting to | 120,331, | 3,008.37 |
| In class D, on policies amounting to | 86,135, | 3,230.07 |
| In class E, on policies amounting to | 137,740, | 6,885.50 |

" It appears, therefore, that the defendant did not, either at the time of the cancellation of his policy or previously, at the time of the payment of his assessment, pay to the secretary his full proportion of the company's liabilities."

That the amount realized on the 1884 assessment was but $15,327, from which deducting the expense, leaves but $13,174.70; that there also remained unpaid, on an assessment made in 1883, $1,233.34, which was put down in the annual statement as assets, but should not be considered of any value in determining whether the defendant paid his proportionate share of the liabilities of the company.

That on the thirteenth day of November, 1884, by resolution, the board of directors ordered an assessment, to take effect January 1, 1885, upon all policies issued, and of effect prior to January 1, 1884, to cover the deficiency in the assessment of January 5, 1884, and the Joseph M. Wood loss of January 16, 1884, of $1,094, as follows: In class A, 25 cents; class B, 50 cents; class C, $1; class D, $1.50; and class E, $2,—on each $100.

The circuit judge further finds that,—

" In pursuance of this resolution, there was assessed against the defendant, for and on account of the policy issued to him, the sum of $4, which was paid by him to the secretary of said company on or about the third day of March, 1885, and this payment, together with the payment of the assessment of January 5, 1884, was sufficient to pay more than the defendant's proportionate share of the liabilities of said company at the time of the cancellation of his policy, on the nineteenth day of March, 1884, if all had been paid at that date; but, after deducting expenses of collection of the two assessments last named, and the amount of

assessments uncollectible, there remained, at the date of the appointment of the receiver, a balance owing by the company of about $5,000, all of which liabilities were incurred prior to the cancellation of the defendant's policy and the payment of the 1884 assessment, and in expenses incurred in attempting to collect the assessments to meet said liabilities. The assessment which the receiver made was reasonable, and not excessive, for the purpose of realizing a sufficient sum to meet the liabilities of the company, and no evidence was adduced to show that the same was otherwise than reasonable."

Upon these facts the court said:

"It is claimed by the defendant, as a matter of law, that the statute under which said company was organized is void for duplicity of title and purpose; that in determining whether the defendant paid his proportion of the liabilities of said company in the payment of the assessment of January 5, 1884, the amount of the unpaid assessment of 1883 should be counted as a part of the assets of the company; that if the company, or its receiver, had any claim against the defendant whatever after the cancellation of his lawful policy, it was only for an amount sufficient to have paid the balance of defendant's proportionate share of the liabilities of the company at the time of such cancellation, and the payment by the defendant of the assessment under the resolution of November 13, 1884, being sufficient to more than pay the balance of defendant's proportionate share of the liabilities of the company at the time of the surrender and cancellation of his policy, operated to exonerate him from any further demands on account of said policy; and that the provisions for the classification of risks and proportion of assessments provided for by the by-laws of the company was binding upon the receiver, and his assessment, having been made without reference to such classifications and proportion, is invalid for that reason.

"From the facts found I state my conclusions of law as follows:

"1. That, in determining whether the defendant paid his proportionate share of the liabilities of the company at the time of the surrender of his policy for cancellation, and the cancellation of the same, the unpaid amount of the assessment of 1883, of $1,233.34, should not be treated as part of the assets of the company, except as they were after-

wards collected, and the evidence shows that none were collected.

"2. That the cancellation of the defendant's policy did not relieve the defendant from liability; and as no losses are assessed for by the receiver except such as occurred before the surrender and cancellation of defendant's policy, and the expenses in the attempted collection, I think the defendant is liable to continuous assessment until enough is realized to pay the claims.

"3. That the payment of the assessment of January 5, 1884, and of the subsequent assessment ordered to be made on November 13, 1884, although in the aggregate amounting to more than defendant's proportion of the liabilities of the company at the time of the surrender and cancellation of his policy, did not operate to exonerate the defendant from liability to further assessments on account of or in respect to said policy.

"4. That the assessment by the receiver of an insolvent company must be in proportion to the amount of insurance that each member has. This is the express requirement of the statute, and has the same force as though written in the policy of insurance. The act of 1885 does not, in my judgment, change the rule.

"5. I do not feel warranted in declaring the statute in question unconstitutional.

"6. The plaintiff is entitled to recover $20 and costs of suit."

Eight exceptions were taken by defendant's counsel to the findings of the circuit judge, and error is assigned on each. They, however, summarize and discuss them under three heads.

Their first claim is—

"That the statute under which the insurance company was organized, was void for duplicity of title and objects."

This statute will be found in the Session Laws of 1873, p. 107. The title of the act is as follows:

"An act to provide for the incorporation of mutual fire insurance companies, and defining their powers and duties, and to repeal chapter ninety-seven of the Compiled Laws of 1871, and also act number ninety-four of the Session Laws of 1871, approved April 12, 1871."

The law of 1873 is not open to this objection. The object of the act is clearly expressed in its title; and the accompanying statement contained therein, that it is intended to repeal other acts conflicting upon the same subject, does not infringe section 20 of article 4 of our Constitution, nor fall within the mischief sought to be remedied by the constitutional provision. There cannot be duplicity of title, when, after stating the object of the act, it does no more than add notice of a repealing clause, where such repeal would be affected by implication by the enactment of the law itself.

The defendant's second point is that, at the time of the surrender of the defendant's policy, all parties acted upon the supposition and belief that he had paid all that could be required of him as a condition of the cancellation of the policy; that the assessment ordered January 5, 1884, according to the last annual report of the condition of the company made by its officers, if collected, should have produced an excess of $3,280.58 more than the amount necessary to pay all expenses, losses, and accrued interest, up to the time of the cancellation of defendant's policy, and therefore the amount now demanded of him is unjust.

At the time of the payment by defendant of the January 5 assessment, and, as he claims, of all his dues to the company, and the surrender of his policy upon an agreement that it should be canceled, the Lee loss of $75, and the Wood loss of $1,094, were unpaid, and were *not* included in said assessment.

For these and the other liabilities of the company an assessment was ordered to be made November 13, 1884, to take effect January 1, 1885. The defendant's policy was included in this assessment, and he paid to the company, March 3, 1885, four dollars on this assessment. The court finds that this payment, together with what the defendant paid on the assessment of January 5, more than paid all his liabilities to the company up to the time of the cancellation

of his policy. We think this should have discharged the defendant from any further liability. Neither the officers of the company, nor the receiver, ever returned to the defend- ant his policy, or intimated to him that they did not regard the policy cancelled, while the defendant relied upon the fact that it was no longer of any validity; and had the defend- ant's property named in the policy burned at any time after the nineteenth of March, 1884, I hardly think counsel for plaintiff would have been willing to admit liability to the payee named in the po'icy by the company.

There was no waiver or estoppel on the part of the defend- ant in making the payment of the four dollars. In so doing he only made an effort to pay what he supposed he was liable for, and which was so claimed by the company, before he sur- rendered his policy.

There is, however, another view to be taken of this case, which strikes at the foundation of the claim made by the receiver. The statute requires, in case of insolvent insurance companies, that the receivers, in making assessments, shall make them by "assessing the members and persons insured." The defendant, at the time the assessment of the twenty- eighth day of May, 1886, was made against him, was not a member of the company, nor insured therein, and was there- fore not liable for such assessment.

It is claimed by counsel for defendant, as their third point, that the plaintiff's assessment made by the receiver "was made upon an improper basis." So long as the assessment was illegal as against the defendant, he not being a member of the company at the time, or a person insured, it is quite unnecessary to discuss that subject. But it seems there should not be any serious difficulty upon the question since the law of 1885 took effect. Laws of 1885, p. 162, § 1.

It is further claimed that no costs should have been awarded to the plaintiff, the recovery being less than $100.

How. Stat. § 8964, subd. 5.[1]  We find nothing in the statute under which the company was organized and did business, nor in the proceedings provided for collecting assessments made by the officers of the company, or by a receiver, allowing the plaintiff to recover costs in case the recovery is less than $100.  Costs can only be given by express statute.  The general statute above referred to gives costs to the defendant when the plaintiff in such cases as this recovers less than $100 damages.  It was error to award costs to the plaintiff.  They should have been given to the defendant.

The judgment must be reversed, and a new trial granted.

CAMPBELL, C. J., and CHAMPLIN, J., concurred.  MORSE, J., did not sit.

---

[1] This subdivision gives a plaintiff costs where he recovers less than $100, if his *claim*, as established at the trial, *exceeded* that sum, and was reduced by set-off.