ELBRIDGE F. BACON, RECEIVER OF THE MERCANTILE MUTUAL FIRE INSURANCE COMPANY OF SANILAC, HURON, AND TUSCOLA COUNTIES, v. THOMAS CLYNE.

*Fire insurance—Action by receiver to recover assessment—Costs.*

1. How. Stat. § 4263, gives the receiver of a mutual fire insurance company costs, in a suit brought in the circuit court to recover an assessment made by him, even though the judgment recovered be *less* than $100.

2. The case of *Tolford v. Church*, 66 Mich. 431, was decided *against* the receiver, upon the ground that the defendant's policy had been surrendered and canceled before the assessment sued upon was made by the receiver, which rendered it unnecessary to pass upon the question of his right to recover costs upon the judgment rendered in his favor in the circuit court.

Error to Sanilac.    (Beach, J.)    Argued April 6, 1888.
Decided May 11, 1888.

*Assumpsit.* Plaintiff brings error. Reversed, and judgment entered for costs in favor of appellant. The facts are stated in the opinion.

*Elbridge F. Bacon,* in *pro. per.,* for appellant.

*Huston & Spears,* for defendant.

[ The points of counsel and authorities are stated in the opinion.—REPORTER.]

MORSE, J.    The only question in this case is one of costs.

The plaintiff sued the defendant, who resides in Tuscola county, in the circuit court for the county of Sanilac, and recovered a judgment for the sum of $65.28.  This judgment being less than $100, the circuit judge ordered judgment in favor of the defendant for costs.    The plaintiff brings error.

Bacon, upon the application of the State Commissioner of Insurance, was, on April 17, 1883, duly appointed, by the circuit court for the county of Sanilac, receiver of the Mercantile Fire Insurance Company of Sanilac, Huron, and Tuscola counties, and qualified and entered upon his duties as such receiver.    He was appointed and acted under the provisions of Act No. 82, Laws of 1873, and the subsequent amendments thereto.    Chapter 132, How. Stat.

The defendant was a member of the company, and on October 24, 1883, was properly assessed by the receiver in the sum of $51.    This suit was brought upon such assessment, and the judgment represents said assessment, and the interest thereon.

The circuit judge relied upon the case of *Tolford v. Church,* 66 Mich. 431 (33 N. W. Rep. 913), in his ruling as to costs,

and defendant's counsel cite this case in support of the judgment below, and also argue that it could not have been the policy or intention of the Legislature to permit residents of Huron and Tuscola counties to be sued away from their homes, in the circuit court of Sanilac, for small sums, and also to be mulcted in costs of such court, in contravention of the general law, which provides that the defendant shall recover costs in the circuit court in actions of *assumpsit,* unless the judgment shall be $100 or over.

The statute under which suit was brought in this case will be found in section 4263, How. Stat., and, as far as it is necessary to refer to it for the purposes of this case, reads as follows:

"And in case any member or person insured, so assessed, shall neglect for 30 days after such publication to pay the amount of such assessment to said receiver, he may sue for the same in the circuit court wherein he was appointed, and in such cases service may be made upon the persons sued in any county in the State; or, at his election, the receiver may sue in the circuit court for the county wherein the person assessed or who is liable to pay such assessment, may reside or be, in an action of debt or *assumpsit,* in his own name, as receiver of said company; and upon such suit said assessment shall be *prima facie* evidence of the regularity and correctness of all proceedings up to and including the assessment, and of the receiver's right to recover therein the amount assessed, with costs."

The evident object of this provision of the statute was to authorize the receiver to sue for sums less than $100 in the circuit courts, and to recover costs in such suits. If it had not been intended that costs would follow the judgment, without reference to the amount of such judgment, there would have been no necessity of making any provision as to costs in the statute, as costs upon a judgment of $100 or over would be awarded the receiver under the general law as to costs. It must be that the Legislature meant by this stat-

ute to give costs to the receiver in all cases wherein he recovered judgment.

I did not sit in the case of *Tolford v. Church;* but, upon an examination of that case, I find that it was decided against the receiver, upon the ground that the defendant's policy in the company had been surrendered and canceled before the assessment sued upon was made by the receiver. It was therefore not necessary to pass upon the question of the receiver's right to recover costs upon the judgment rendered in his favor in the circuit court. The opinion (at page 442) says:

" We find nothing in the statute under which the company was organized and did business, nor in the proceedings provided for collecting assessments made by officers of the company, or by a receiver, allowing the plaintiff to recover costs;"—

And a reference is made to the general law (How. Stat. § 8964, subd. 5) as controlling in the matter of costs.

But, to my mind, as before shown, the statute authorizing the receiver to sue in the circuit courts expressly gives him costs, if he prevail in such action, in all cases, without reference to the amount of the judgment recovered. And such, it appears, had been the holding of this Court prior to the opinion filed in *Tolford v. Church.*

Upon examination of the record and briefs in the case of . *Russell v. Berry,* 51 Mich. 287 (16 N. W. Rep. 651), I find that the judgment in the circuit court in favor of the receiver was less than $100. The judgment was affirmed here. The question of costs was raised in the record, and discussed in plaintiff's brief. The Court say, after discussing the most material objection raised against the judgment:

" So far as the other points in the brief merit attention, they are disposed of by what has been said. The judgment should be affirmed, with costs."

Although the question of costs is not discussed in the brief

of defendant's counsel, it is raised by the assignments of error, and was met upon the argument by plaintiff's counsel. It would seem as if the Court considered it of no merit, and, in affirming the judgment, recognized the right of the receiver to recover costs in cases where judgment was rendered for less than $100. At any rate, it is clear to me that the statute plainly gives the receiver costs in a case like the present, and I must so hold.

It is claimed that the allowance of costs in these cases will be a great hardship upon the members sued upon small sums assessed. But the Legislature is responsible for this, and not the courts. Yet, as the receiver, under the statute, has power to continue assessments upon the members until the debts of the corporation and the expense of closing up its affairs are paid, and as the expenses of collecting the assessments must be paid by the members of the company, that policy would seem wise as well as just which provides that those who refuse to pay the legal assessments against them shall pay the costs of collection, rather than those who are ready and willing to properly meet, without suit, their just obligations to the company.

In my opinion, the judgment below as to costs must be reversed and vacated, and judgment entered here in favor of the plaintiff for the costs of the circuit court. No costs will be awarded in this Court.

CHAMPLIN, CAMPBELL, and LONG, JJ., concurred. SHERWOOD, C. J., did not sit.